IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 2:07-578 |
| | ) | |
| v. | ) | |
| | ) | |
| Albert E. Parish Jr. | ) | |

### Government's Memorandum in Response to Defendant's Motion for Summary Judgment (DE 95)

On November 3, 2017, Petitioner Albert E. Parish Jr. ("Parish") requested that his sentence be vacated and that he be resentenced. Docket Entry (DE) 95. Parish challenges his sentence because he believes the sentencing judge should have been recused from Parish's case. Parish argues that, since this did not happen, his sentence should be vacated and a different judge should resentence him. However, because Parish's motion challenges the validity of his sentence, it is properly considered a motion under 28 U.S.C. § 2255. Accordingly, this court should recharacterize Parish's motion as one falling under 28 U.S.C. § 2255 and give Parish an opportunity to either proceed with his original motion as styled, or to accept recharacterization and amend his motion so that it contains all the § 2255 claims he believes he has.

### Procedural Background

On May 9, 2007, a federal grand jury returned an Indictment charging Parish with violations of Mail Fraud (Counts One through Six), 18 U.S.C. §1341; Wire Fraud (Counts Seven through Ten), 18 U.S.C. §1343; and False Statement (Count Eleven), 18 U.S.C. §1001. DE 17. On October 5, 2007, Parish pled guilty to Counts One, Four and

1

Eleven. DE 48. Parish was sentenced on June 26, 2008. DE 85. At the sentencing hearing, testimony was given, and the district court found the guideline range to be 292 to 365 months. DE 65. Parish was then sentenced to 292 months imprisonment and ordered to pay $66,820,167.08 in restitution. DE 64.

Parish appealed his conviction and sentence. United States v. Parish, No. 08-4723, 334 Fed.Appx. 534 (4th Cir. April 22, 2009). In 2009, the Fourth Circuit found that Parish had no meritorious issues on appeal, and affirmed his conviction and sentence. Id. at 1. On November 30, 2011, the district court amended its Restitution Order to reflect a restitution amount of $63,026,569.91. DE 94. Nothing else about Parish's sentence changed. Parish filed no further appeals and filed no motions under 28 U.S.C. § 2255.

In 2016, Parish filed a complaint against the district court in the Fourth Circuit. DE 95, p. 15. The complaint included much of what is contained in Parish's current motion, and the Fourth Circuit dismissed Parish's complaint. DE 95. Parish then filed his current motion on November 3, 2017, entitling it a "Motion for Relief Under 28 U.S.C. §§455(a), (b)(4), and Rule of Civil Procedure 60(b)(6)." DE 95.

I.     **Analysis**

Parish fashions his motion as being one under Fed.R.Civ.Pro. 60(b)(6). Fed.R.Civ.Pro. 60(b)(6) states:

> (b) **Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . .
>
> > (6) any other reason that justifies relief.

2

Although Parish categorizes his motion under Rule 60(b), substantively he is challenging his sentence. This is clear in Parish's requested remedy. It only addresses his sentence - he requests that his sentence be vacated and that he be resentenced. DE 95. Also, his claims of impartiality all relate to his sentencing. In considering the materiality of the judge's claimed impartiality, Parish argues this impartiality affected his sentence, resulting in an "unusually heavy sentence." Id. at 5. Further, Parish's argument regarding the impact of the claimed impartiality addresses only his sentence, with Parish arguing that any impact would have been avoided if he had been sentenced by a different judge. Id. at 8. Throughout his motion Parish continually challenges the fairness of his sentence, and exclusively points to resentencing as his remedy. Accordingly, Parish's motion most certainly challenges the validity of his sentence.

Although Parish labels his motion as being under Rule 60(b), the substance of his motion dictates how his motion should be characterized. Where a motion challenges the validity of a judgment and sentence, the remedy lies in 28 U.S.C. § 2255, not Rule 60(b), regardless of what title a litigant chooses. "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." Johnson v. Taylor, 347 F.2d 365, 366 (10th Cir.1965)   Although "Federal Rule of Civil Procedure 60(b) has a 'valid role to play in habeas cases,' it does not provide relief from judgment in a criminal case." United States v. Johnson, 159 F. App'x 835, 838–39 (10th Cir. 2005), quoting Gonzalez v. Crosby, 125 S.Ct. 2641, 2649; citing United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir.1998).  Because Parish is

3

challenging his sentence, this court should properly characterize his motion as a 28 U.S.C. § 2255 petition[1].

## II.     Procedure to Recharacterize a Motion as a § 2255

Since Parish's motion is properly one under 28 U.S.C. § 2255, the court should notify Parish of the implications of such a recharacterization.

> [T]he court cannot so recharacterize a pro se litigant's motion as the litigant's first § 2255 motion unless the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's "second or successive" restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing.

United States v. Hailey, 2017 WL 6032488 (4th Cir., December 6, 2017), citing Castro v. United States, 540 U.S. 375, 377 (2003).  Hailey also set forth guidance for a district court when advising a litigant of his options – the district court should provide the litigant "an opportunity to either proceed with his original motion as styled, or to accept recharacterization and amend his motion to that it contains all the § 2255 claims he believes he has." Id. at 1.

## Conclusion

Because Parish's motion challenges his sentence, it should be recharacterized as a motion under 28 U.S.C. § 2255.  The government requests that the court advise Parish that his motion will be recharacterized as such and give him a chance to proceed or to amend his motion.  Should the court disagree with the government's analysis, the government requests an opportunity to respond to Parish's motion as fashioned under

---

1. Parish's current motion is docketed as a motion to vacate under 28 U.S.C. § 2255.  Text Entry for DE 95, 97.

Rule 60(b). If the court proceeds to recharacterize Parish's motion as one falling under 28 U.S.C. § 2255, the government requests an opportunity to respond to Parish's motion once Parish has determined whether he wishes to proceed with the motion as submitted or to make amendments.

                                        Respectfully submitted,

                                        BETH DRAKE
                                        UNITED STATES ATTORNEY

                              By:  <u>s/ Nathan Williams</u>
                                        Nathan Williams (ID No. 10400)
                                        Assistant United States Attorney
                                        151 Meeting Street, Suite 200
January 18, 2018                      Charleston, South Carolina  29401