**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| United States of America | ) | Criminal Action No. 2:07-0578-RMG |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Albert E. Parish, Jr. | ) | |
| | ) | |

Before the Court is Albert E. Parish, Jr.'s "Motion for Relief Under 28 U.S.C. §§ 455(a), (b)(4), and Rule of Civil Procedure 60(b)(6)." (Dkt. No. 95.) For the reasons set forth below, the motion is denied.[1]

I.    **Background**

In October 2007, Mr. Parish pled guilty to two counts of mail fraud in violation of 18 U.S.C. § 1341 and one count of making a false statement in violation of 18 U.S.C. § 1001. (Dkt. No. 17.) The Honorable David C. Norton, District Judge for the District of South Carolina, sentenced Mr. Parish to 292 months' imprisonment and ordered restitution in the amount of $66,820,167.08 (Dkt. No. 64), which was later amended to reflect restitution in the amount of $63,026,569.91 (Dkt. No. 94).

Mr. Parish appealed his conviction and sentence, which the Court of Appeals for the Fourth Circuit affirmed in 2009. *United States v. Parish*, 334 Fed. Appx. 534 (4th Cir. 2009). Mr. Parish filed a complaint against Judge Norton, alleging violations of the Judicial Conduct and Disability Act, 28 U.S.C. §§ 351-364, which the Fourth Circuit dismissed in 2017. *In the Matter of a Judicial Compl. Under 28 U.S.C. § 351*, No. 04-16-90085.

---

[1] One month after filing the instant motion, Mr. Parish filed an identical motion also styled as a "Motion for Relief Under 28 U.S.C. §§ 455(a), (b)(4), and Rule of Civil Procedure 60(b)(6)." (Dkt. No. 97.) That motion (Dkt. No. 97) is denied.

In November 2017, Mr. Parish filed the instant motion in which he seeks to vacate his criminal sentence and be resentenced by a different judge. Rule 60 of the Federal Rules of Civil Procedure does not provide relief from judgment in a criminal action. Rather, a motion brought pursuant to 28 U.S.C. § 2255 is the proper avenue for the relief Mr. Parish seeks.

Accordingly, on February 15, 2019, the Court notified Mr. Parish of its intent to recharacterize his motion as brought under § 2255 and warned that the recharacterization will subject subsequent § 2255 motions to restrictions on second or successive motions. The Court further noted that any § 2255 motion is subject to a one-year period of limitations under 28 U.S.C. § 2255(f), unless a basis for equitable tolling of the limitations period is demonstrated. The Court provided Mr. Parish with the opportunity to either proceed with his motion as styled or to accept recharacterization and amend his motion as brought under 28 U.S.C. § 2255 within sixty days. The Court warned that if Mr. Parish did not amend his motion by April 15, 2019, the Court intended to dismiss the motion as improperly brought under Rule 60. (Dkt. No. 106.)

Mr. Parish did not amend his motion, which the Court now reviews as brought under Rule 60.

## II.    Legal Standard and Discussion

Rule 60 of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The substance of Mr. Parish's motion, brought under Rule 60(b) of the Federal Rules of Civil Procedure, is to challenge the validity of his criminal sentence. As the Court notified Mr. Parish in its February 15th Order, the proper vehicle for seeking such relief is a petition for a writ of habeas corpus brought under 28 U.S.C. § 2255. *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) ("The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255."). *See also United States v. Spivey*, 750 Fed. Appx. 246 (Mem) (4th Cir. 2019) (noting that a Rule 60(b) motion "was in substance a successive 28 U.S.C. § 2255 (2012) motion"); *United States v. Winestock*, 340 F.3d 200, 206-07 (4th Cir. 2003) ("We emphasize that we do not require that all Rule 60(b) motions be treated as successive applications; instead, the proper treatment of the motion depends on the nature of the claims presented. Once again, this holding is consistent with the majority view among our sister circuits."). Moreover, as a Rule governing civil procedure, Rule 60(b) "does not provide relief from judgment in a criminal case." *United States v. Johnson*, 159 Fed. Appx. 835, 839 (10th Cir. 2005).

Mr. Parish elected not to amend his motion on sixty days' notice as properly brought under § 2255. The Court therefore denies the motion as improperly brought under Rule 60.

## III.    Conclusion

For the foregoing reasons, Mr. Parish's motions for relief brought under Rule 60(b) (Dkt. No. 95 and No. 97) are **DENIED**.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

April 16, 2019
Charleston, South Carolina