IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| United States of America | ) | Criminal Action No. 2:07-0578-RMG |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Albert E. Parish, Jr. | ) | |
| _____ | ) | |

Before the Court is Albert E. Parish, Jr.'s motion for reconsideration. (Dkt. No. 112.) For the reasons set forth below, the motion is denied.

I.  **Background**

In October 2007, Mr. Parish pleaded guilty to two counts of mail fraud in violation of 18 U.S.C. § 1341 and one count of making a false statement in violation of 18 U.S.C. § 1001. (Dkt. No. 17.) The Honorable David C. Norton, District Judge for the District of South Carolina, sentenced Mr. Parish to 292 months' imprisonment and ordered restitution in the amount of $66,820,167.08, which was later amended to reflect restitution in the amount of $63,026,569.91 (Dkt. Nos. 64, 94). Mr. Parish appealed his conviction and sentence, which the Court of Appeals for the Fourth Circuit affirmed in 2009. *United States v. Parish*, 334 Fed. Appx. 534 (4th Cir. 2009). Mr. Parish filed a complaint against Judge Norton, alleging violations of the Judicial Conduct and Disability Act, 28 U.S.C. §§ 351-364, which the Fourth Circuit dismissed in 2017. *In the Matter of a Judicial Compl. Under 28 U.S.C. § 351*, No. 04-16-90085. In November 2017, Mr. Parish moved under Rule 60 of the Federal Rules of Civil Procedure to vacate his criminal sentence and be resentenced by a different judge.

In February 2019, the Court notified Mr. Parish that Rule 60 does not provide relief from judgment in a criminal action and that a petition made pursuant to 28 U.S.C. § 2255 is the proper avenue for the relief Mr. Parish sought. (Dkt. No. 106.) The Court further (1) notified Mr. Parish

of its intent to recharacterize his motion as brought under § 2255 and (2) warned that the recharacterization will subject subsequent § 2255 motions to restrictions on second or successive motions, as well as (3) noted that any § 2255 motion is subject to a one-year period of limitations under 28 U.S.C. § 2255(f) unless a basis for equitable tolling of the limitations period is demonstrated. (*Id.*) The Court further provided Mr. Parish with the opportunity to either proceed with his motion as styled or to accept recharacterization and amend his motion as brought under 28 U.S.C. § 2255 within sixty days and warned that if Mr. Parish did not amend his motion by April 15, 2019, the Court intended to dismiss the motion as improperly brought under Rule 60. (*Id.*)

Mr. Parish did not amend his motion, which the Court then reviewed as brought under Rule 60(b) and denied. Mr. Parish now contends that this ruling was a manifest injustice that warrants reconsideration.

## II.    **Legal Standard**

Federal Rule of Civil Procedure 59 allows a party to move to alter or amend a judgment within twenty-eight days. Fed. R. Civ. P. 59(e). The Court may grant a motion for reconsideration only in limited circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.* A Rule 59 motion tests whether the Court's initial Order was "factually supported and legally justified." *Hutchinson v. Staton*, 994 F.2d 1076, 1081-82 (4th Cir. 1993). Therefore, the Court may decline to reconsider a

prior holding that "applied the correct legal standards" and made "factual findings [ ] supported by substantial evidence." *Harwley v. Comm'r of Soc. Sec. Admin.*, 714 Fed. Appx. 311, 312 (Mem) (4th Cir. 2018). The movant's "mere disagreement" with the Court's legal application "does not support a Rule 59(e) motion." *Hutchinson*, 994 F.2d at 1082. In short, Rule 59(e) provides an "extraordinary remedy which should be used sparingly." *Pac. Ins. Co.*, 148 F.3d at 403.

### III. Discussion

In this criminal matter, Mr. Parish moves the Court under Rule 59(e) to reconsider its prior order denying his motion to challenge the validity of his criminal sentence brought under Rule 60(b). (Dkt. No. 109.) As noted, before denying his Rule 60 motion, the Court notified Mr. Parish that the proper vehicle for the relief sought was a petition for a writ of habeas corpus under 28 U.S.C. § 2255 and that Rule 60(b) "does not provide relief from judgment in a criminal case." *United States v. Johnson*, 159 Fed. Appx. 835, 839 (10th Cir. 2005). Mr. Parish elected not to amend his motion as properly brought under § 2255.

Mr. Parish now argues that the Court's denial of his Rule 60(b) motion is a manifest injustice because the Court misunderstood the relief he sought and "robotically rubber-stamped his motion as attacking his conviction and/or sentence." (Dkt. No. 112 at 2-3.) "Had this court taken the time to actually read Parish's motion," he contends, the Court would have identified the "extraordinary circumstances" required for relief under Rule 60(b). (*Id.* at 3.) These arguments are without merit here, where Mr. Parish sought resentencing by a different District Court judge and, therefore, was properly construed as challenging the sentence imposed by the sentencing judge. The sole remedy for this relief is a petition brought under § 2255, which Mr. Parish declined to file on sixty-days' notice. *See Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) ("The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or

ineffective, is that provided for in 28 U.S.C. § 2255."). Mr. Parish's arguments here do not impugn the Court's prior legal reasoning and do not demonstrate the manifest injustice that Rule 59(e) may remedy in a civil proceeding.

### III.  Conclusion

For the foregoing reasons, Mr. Parish's motion for reconsideration (Dkt. No. 112) is **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

May 13, 2019
Charleston, South Carolina