**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| United States of America,         ) | |
|                 vs.         ) | Criminal No. 2:07-578-RMG |
| Albert E. Parish,         ) | |
|            Defendant.         ) | **ORDER** |

This matter comes before the Court on Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c). Defendant asserts that due to his age, medical condition, exemplary conduct in prison, and the COVID-19 pandemic, "extraordinary and compelling reasons" exist for a reduction in the term of his sentence. (Dkt. No. 121). Defendant has served slightly less than half of his sentence and is presently 62 years of age. The Government has filed a memorandum in opposition, asserting that Defendant fails to meet high standards for a reduction in sentence set forth under statutory law and the United States Sentencing Commission Guidelines. (Dkt. No. 127).

By way of background, Defendant was sentenced to 292 months of incarceration and three years of supervised release after pleading guilty to a broad array of financial crimes in which the sentencing judge found that he "knowingly misappropriated funds from his friends, his family, his coworkers, the elderly, and those who relied on their investments for care for themselves or ill relatives. Defendant was, in a literal sense, a confidence man." (Dkt. No. 68 at 4). He was also ordered to pay restitution in excess of $63 million. (Dkt. No. 64, 94).

Defendant has advised the Court that he presently suffers from a number of medical conditions, including heart disease, diabetes, and obesity. (Dkt. No. 121 at 4). He regularly

ambulates with a walker. He further asserts that due to his health conditions and age, he is at an elevated risk for acquiring the COVID-19 virus. The Government does not dispute that Defendant suffers from various medical conditions. A medical report provided by the Bureau of Prisons (BOP) indicates that Defendant suffers from two vessel heart disease not amenable to angioplasty or stent placement, but is stable at this time and has no reports of shortness of breath or chest pain. He also has atrial fibrillation that is currently stable and diabetes that is managed by medication without requirement of insulin. (Dkt. No. 127-2). There is no evidence that Defendant suffers from any condition that substantially diminishes his ability to provide self-care in the correctional facility setting.

Recent statutory changes have provided district courts jurisdiction to reduce the sentences of previously sentenced federal inmates under certain limited conditions. These include:

1. The inmate is 70 years of age, has served 30 years in prison, and is not a danger to the community, 18 U.S.C. § 3582(c)(1)(A)(ii);

2. The inmate is suffering from mental and/or physical conditions which substantially diminish his capacity to provide for self-care, USSG § 1B1.13, Commentary 1(A)(ii);

3. The inmate is at least 65 years old, has served the lesser of 10 years or 75% of his sentence, and is experiencing a serious deterioration in physical or mental health because of the aging process, USSG § 1B1.13, Commentary (1)(B).

4. The inmate is suffering from a terminal illness, USSG § 1B1.13, Commentary 1(A)(i);

5. There are "extraordinary and compelling reasons" to reduce the inmate's

sentence, which may include "other reasons," which may include a combination of the factors mentioned above, USSG § 1B1.13, Commentary (1)(D).[1]

A defendant seeking a sentence reduction on the basis of compassionate release carries the burden of establishing his entitlement to relief. If an inmate meets one of these threshold requirements for compassionate release, the district court must then consider the request for sentence reduction under the standards of 18 U.S.C. § 3553(a). A district court may consider an inmate's request for compassionate release after the exhaustion of administrative remedies or 30 days after submission of a request for compassionate release to his warden, whichever is less. 18 U.S.C. § 3582(c)(1)(A). The parties agree that more than 30 days have passed since Defendant submitted his request for compassionate release, and the Court has jurisdiction over this matter.

After a careful view of the record in this matter and the applicable law, the Court finds that Defendant has failed to carry his burden of establishing a basis for meeting the threshold requirements for reduction of his sentence on the basis of compassionate release. Although he is of advanced age, he is not yet 65. While he has various chronic medical conditions, Defendant is not terminal and his combined medical conditions have not substantially diminished his capacity for self-care within the correctional environment. Further, there are no "other reasons," which separately or in combination, constitute "extraordinary and compelling reasons" for a sentence reduction. Since Defendant has failed to meet any of the threshold requirements for

---

[1] The Sentencing Commission's Policy Statement, § 1B1.13, which was adopted before the recent statutory change granting district courts the authority to grant compassionate release sentencing reductions, provides that "other reasons" for compassionate releases are those "determined by the Director of the Bureau of Prisons." Commentary 1(D). Since the authority to grant compassionate releases has now been extended to district courts, district judges "assume[] the same discretion as the BOP Director when it considers a compassionate release motion properly before it." *United States v. Rodriguez*, 2020 WL 1627331, at *4 (E.D. Pa. 2020).

3

compassionate release, the Court need not consider the § 3553(a) factors.  Defendant's motion for compassionate release (Dkt. No. 121) is denied.

    AND IT IS SO ORDERED.

s/Richard Mark Gergel
Richard Mark Gergel
United States District Judge

April 27, 2020
Charleston, South Carolina